DANIELS,
PARTI

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7-3-12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

C.A. No. __ - 12 CV 5029 (UA)

HARBERT MANAGEMENT CORPORATION,
HMC-NEW YORK INC., and
HMC INVESTORS, LLC,

Defendants.

## FINAL JUDGMENT AS TO DEFENDANTS HARBERT MANAGEMENT CORPORATION, HMC-NEW YORK INC., and HMC INVESTORS LLC

The Securities and Exchange Commission having filed a Complaint and Defendants

Harbert Management Corporation, HMC-New York Inc., and HMC Investors, LLC

("Defendants") having entered a general appearance; consented to the Court's jurisdiction over

Defendants and the subject matter of this action; consented to entry of this Final Judgment

without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived

findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendants and

Defendants' agents, servants, employees, attorneys, and all persons in active concert or

participation with them who receive actual notice of this Final Judgment by personal service or

otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section

10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and

rel. 12a5027

Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

      (a)      to employ any device, scheme, or artifice to defraud;

      (b)      to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

      (c)      to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

## II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants shall pay a civil penalty in the amount of $1 million to the Securities and Exchange Commission pursuant to Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)]. Defendants shall make this payment within 14 days after entry of this Final Judgment.

Defendants may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendants may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

      Enterprise Services Center
      Accounts Receivable Branch
      6500 South MacArthur Boulevard
      Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; identifying each Defendant as named in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendants shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendants relinquish all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendants. The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury. Defendants shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961.

III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendants shall comply with all of the undertakings and agreements set forth therein.

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated: _July 3, 2012_

_____

UNITED STATES DISTRICT JUDGE

Paul A. Crotty

3      THIS DOCUMENT WAS ENTERED
       ON THE DOCKET ON _____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>HARBERT MANAGEMENT CORPORATION,<br>HMC-NEW YORK INC., and<br>HMC INVESTORS, LLC,<br><br>Defendants. | C.A. No. __-____ (ABC) |

## CONSENT OF DEFENDANTS HARBERT MANAGEMENT
## CORPORATION, HMC-NEW YORK INC., and HMC INVESTORS LLC

1.      Defendants Harbert Management Corporation, HMC-New York Inc., and HMC

Investors, LLC ("Defendants") waive service of a summons and the complaint in this action,

enter a general appearance, and admit the Court's jurisdiction over Defendants and over the

subject matter of this action.

2.      Without admitting or denying the allegations of the complaint (except as to

personal and subject matter jurisdiction, which Defendants admit), Defendants hereby consent to

the entry of the final Judgment in the form attached hereto (the "Final Judgment") and

incorporated by reference herein, which, among other things:

> (a)      permanently restrains and enjoins Defendants from violation of Section
>
> 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15
>
> U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5], as

1

control persons pursuant to Section 20(a) of the Exchange Act [15 U.S.C.
§ 78t(a)]; and

(b)     orders Defendants, on a joint and several basis, to pay a civil penalty in the
amount of $1 million under Section 21(d)(3) of the Exchange Act [15
U.S.C. § 78u(d)(3)].

3.      Defendants agree that they shall not seek or accept, directly or indirectly,
reimbursement or indemnification from any source, including but not limited to payment made
pursuant to any insurance policy, with regard to any civil penalty amounts that Defendants pay
pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof
are added to a distribution fund or otherwise used for the benefit of investors. Defendants further
agree that they shall not claim, assert, or apply for a tax deduction or tax credit with regard to
any federal, state, or local tax for any penalty amounts that Defendants pay pursuant to the Final
Judgment, regardless of whether such penalty amounts or any part thereof are added to a
distribution fund or otherwise used for the benefit of investors.

4.      Defendants waive the entry of findings of fact and conclusions of law pursuant to
Rule 52 of the Federal Rules of Civil Procedure.

5.      Defendants waive the right, if any, to a jury trial and to appeal from the entry of
the Final Judgment.

6.      Defendants enter into this Consent voluntarily and represent that no threats,
offers, promises, or inducements of any kind have been made by the Commission or any
member, officer, employee, agent, or representative of the Commission to induce Defendants to
enter into this Consent.

2

7.       Defendants agree that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

8.       Defendants will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waive any objection based thereon.

9.       Defendants waive service of the Final Judgment and agree that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendants of its terms and conditions. Defendants further agree to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendants have received and read a copy of the Final Judgment.

10.      Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted against Defendants in this civil proceeding. Defendants acknowledge that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendants waive any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Defendants further acknowledge that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any

3

disciplinary proceeding before the Commission based on the entry of the injunction in this action, Defendants understand that they shall not be permitted to contest the factual allegations of the complaint in this action.

11.     Defendants understand and agree to comply with the Commission's policy "not to permit a Defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings." 17 C.F.R. § 202.5. In compliance with this policy, Defendants agree: (i) not to take any action or to make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; and (ii) that upon the filing of this Consent, Defendants hereby withdraw any papers filed in this action to the extent that they deny any allegation in the complaint. If Defendants breach this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Defendants': (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

12.     Defendants hereby waive any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendants to defend against this action. For these purposes, Defendants agree that Defendants are not the prevailing party in this action since the parties have reached a good faith settlement.

4

13.     In connection with this action and any related judicial or administrative proceeding or investigation commenced by the Commission or to which the Commission is a party, Defendants (i) agree to appear and be interviewed by Commission staff at such times and places as the staff requests upon reasonable notice; (ii) will accept service by mail or facsimile transmission of notices or subpoenas issued by the Commission for documents or testimony at depositions, hearings, or trials, or in connection with any related investigation by Commission staff; (iii) appoints Defendants' undersigned attorney as agent to receive service of such notices and subpoenas; (iv) with respect to such notices and subpoenas, waive the territorial limits on service contained in Rule 45 of the Federal Rules of Civil Procedure and any applicable local rules, provided that the party requesting the testimony reimburses Defendants' travel, lodging, and subsistence expenses at the then-prevailing U.S. Government per diem rates; and (v) consent to personal jurisdiction over Defendants in any United States District Court for purposes of enforcing any such subpoena.

14.     Defendants agree that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

15.     Defendants agree that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

Dated: _June 20, 2012_

Harbert Management Corporation

By: _John W. McCullough_

John W. McCullough
Senior Vice President & General Counsel
2100 Third Avenue North, Suite 600
Birmingham, AL 35203-3371

5

On ___June 20___, 2012, ___John W McCullough___, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent with full authority to do so on behalf of Harbert Management Corporation as its _Senior VP and General Counsel_

**ADAM JOSEPH TREMBLAY**
**Notary Public, State of New York**
No. 01TR6219039
**Qualified in New York County**
**Commission Expires** 3/15/2014

Notary Public
Commission expires: 3/15/2014

HMC-New York Inc.

By: _____
John W. McCullough
Senior Vice President & General Counsel
2100 Third Avenue North, Suite 600
Birmingham, AL 35203-3371

On ___June 20___, 2012, ___John W McCullough___, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent with full authority to do so on behalf of HMC-New York Inc. as its _Senior Vice President and General Counsel_

**ADAM JOSEPH TREMBLAY**
**Notary Public, State of New York**
No. 01TR6219039
**Qualified in New York County**
**Commission Expires** 3/15/2014

HMC Investors, LLC

By: _____
John W. McCullough
Senior Vice President & General Counsel
2100 Third Avenue North, Suite 600
Birmingham, AL 35203-3371

On _____, 2012, _____, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent with full authority to do so on behalf of HMC Investors, LLC as its _____.

Approved as to form:

Counsel for the Defendants:

_____
Daniel F. Shea
Hogan Lovells US LLP
One Tabor Center, Suite 1500

6

On _____, 2012, _____, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent with full authority to do so on behalf of Harbert Management Corporation as its _____.

_____
Notary Public
Commission expires:

HMC-New York Inc.

By: _____
[Name of person signing for entity]
[Title]
[Address]

On _____, 2012, _____, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent with full authority to do so on behalf of HMC-New York Inc. as its _____.

HMC Investors, LLC

By: _____
[Name of person signing for entity]
[Title]
[Address]

On _____, 2012, _____, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent with full authority to do so on behalf of HMC Investors, LLC as its _____.

Approved as to form:

Counsel for the Defendants:

_____
Daniel F. Shea
Hogan Lovells US LLP
One Tabor Center, Suite 1500
1200 Seventeenth Street
Denver, Colorado  80202
(303) 454-2475

6